Randall, J.
This 'cause is before the court on the demurrer of the defendant Sarah M. Streng to the petition. It does not clearly appear from the petition why Sarah M. Streng is made a party defendant, although we assume she is the devisee under the alleged will of Margaretha Louisa Schell. The plaintiff, in- his petition, has set out the facts under which he claims to have title, with other defendants named by virtue of the will of Jacob Schell.
The will is brief and the clause in question reads as follows:
“I give, devise and bequeath to my dear wife, Margaretha Louisa Schell, all my property, both real and personal, wheresoever and whatsoever, to have and to hold to her, her heirs and assigns forever. The balance, remainder and residue if any, after her death shall be equally divided among our children.”
Plaintiff contends that Margaretha Louisa Schell was not given a fee simple estate but only an absolute power of sale and since she did not exercise this power, the later clause providing that the balance, remainder and residue, if any, after the death of Margaretha Louisa Schell “shall be equally divided among our children” is valid and effective. The defendant Sarah M. Streng contends on the other hand that Margaretha Louisa Schell *266 took an absolute estate in fee simple and that the attempted limitation is repugnant and of no effect, for the reason that an estate in fee simple may not be cut down by a subsequent clause to a life estate or in other words that a remainder may not be engrafted upon a fee.
We have carefully considered the authorities cited by counsel in their respective briefs and have reviewed all of the authorities in Ohio reflecting in any manner upon the question here at issue. We find that the apparent conflict in Ohio cases arises from fine distinctions as to the facts involved in each individual case.
The fundamental principle involved in the construction of a will is to determine the intention of the testator. In the instant case that intention must be determined wholly from the language employed in the item above quoted, as the remaining- items of the will cast no light whatsoever upon the issue.
There can be no question but that the first sentence of the second item of the will standing alone devises a fee simple. Even before the statute was enacted providing that express words of perpetuity were not necesary to pass a fee simple by deed, the rule was that a devise or bequest to a named person gave to him all of the estate which the testator had. However, in the instant case as if to leave room for no doubt as to the estate devised the testator employed the words of perpetuity “her heirs and assigns forever”.
Apparently there are three classes of cases in which the question here at issue have been considered, first cases where an absolute estate is devised with an attempted limitation over in remainder, secondly where words are used importing a fee simple but accompanied by an absolute power of sale, thirdly cases where the devise imports a fee but it is accompanied by a limited power of sale.
In both the second and third classes above mentioned the courts in Ohio seem to have held valid a limitation over in remainder. Baxter, Admr. v. Bowyer, 19 O. S. page 490; Posegate v. South, et al, 46 O. S. page 391; Johnson v. Johnson, 51 O. S. 446; State Tax Commission v. Oswald, 109 O. S. 36; Murphy v. Widow’s Home, 21 O. A. 174.
As to the second class of cases above referred to, where there is an absolute power some cases hold that where *267 there is a devise generally accompanied by an absolute power, a limitation over of a remainder is invalid. Tracy v. Blee, 22 C. C. (N. S.) 33.
In our opinion the will involved in the instant case falls clearly in the first class mentioned' above. There is no power given in said will either absolute or limited. We have found no case in Ohio holding that a fee simple estate in positive terms may be cut down by a later provision by way of limitation over in remainder. All of the cases cited by plaintiff involve wills where there is a p.ower of disposal either limited or absolute or where the first taker is devised only a prima facie estate in fee. We have found no case where by unequivocal language an absolute estate in fee simple has been cut down by a remainder in a subsequent clause, and where no power of disposal is given.
Our own Court of Appeals in the case of Cruit v. Pealer, Admr., 3 Ohio Law Abstract, p. 325, has spoken on this question. Judge Allread, who wrote the opinion in that case after commenting upon the fact that the second item of the will there under, investigation “gave a fee to Sarah Cruit” and that the “third item clearly gave to the daughter an interest in remainder,” observed that “under the circumstances, the only method of reconciliation is to hold the clause granting a fee simple to Sarah Cruit valid and the devise in the third item void for the reason that the second item conveys the entire estate and there is no remainder.”
In that case a remainder was clearly given to the daughter and the court refused to cut the fee simple down because of the subsequent provision.
The above provision is in line with Collins v. Collins, 40 O. S., 353; Stoplet v. Stoplet, 22 O. A. 327.
In the last named case the limitation was in the same item granting the fee, as in the instant case.
The Supreme Court of Ohio in Fetterman v. Bingham, 115 O. S. page 35, held that “Where, by clear and unequivocal terms an estate in fee simple is given in one item of a will, the same cannot be cut down to a life estate by implication only, less clear than the intention to create the fee simple previously created.” The court cites with approval Collins v. Collins, 40 O. S. 353.
Numerous additional cases are cited in defendants brief *268 which support the conclusion that the attempted limitation over was insufficient to cut down the absolute estate in fee simple which was devised to Margaretha Louisa Schell. Page on Wills, Vol. 2, page 1636:
“Even if the words show a clear intention to cut the fee down, effect will not be given thereto if the intention to give the fee is the paramount intent. It is said that if both provisions cannot stand together, the prior provision which gives a fee will prevail over a subsequent provision which attempts to limit it.”
Having concluded that no title can be claimed under the last sentence of the second item of the will, the demurrer of defendant Sarah M. Streng is sustained.